## EUGENE ENGEL v. MINNEAPOLIS STREET RAILWAY COMPANY AND ANOTHER.

## MINNEAPOLIS & ST. PAUL SUBURBAN RAILROAD COMPANY, APPELLANT.[1]

July 1, 1921.

No. 22,310.

**Railway — negligence in guarding crossing not a question for the jury.**

1. Under the proofs it was error to submit to the jury the question of negligence of appellant in failing to provide a flagman, gates or a bell at the crossing.

**Contributory negligence of truck driver.**

2. Evidence considered and *held* to show contributory negligence on the part of respondent, as a matter of law.

Action in the district court for Hennepin county to recover $20,000 for injuries received when an automobile truck driven by plaintiff came into collision with defendant's street car. The case was tried before Leary, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $750. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Ralph T. Boardman* and *W. D. Dwyer,* for appellant.

*Mart. M. Monaghan* and *Tautges & Bissell,* for respondent.

[1]Reported in 183 N. W. 842.

QUINN, J.

Appeal by the Minneapolis and St. Paul Suburban Railroad Company from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

On August 9, 1919, between 6 and 7 o'clock in the afternoon, plaintiff was driving his automobile truck southerly along a public highway which crosses defendant's railroad track near the westerly limits of the city of Minneapolis. The record does not disclose how much traffic there was upon this highway. Plaintiff was familiar with the crossing and knew of the cars running over the tracks at this point. There was no load on his truck. Jacob Bove, plaintiff's hired man, was riding on the truck at the time of the accident. The blocks in this vicinity are 300 feet square. A car going west comes first to Xerxes, then to York and then to Zenith avenue, where the accident occurred. York avenue was not open to travel across the track. The defendant's right of way is fenced and there are regular cattle guards on either side of the crossing. The car with which the collision occurred was moving in a westerly direction.

The plaintiff testified that as he approached the tracks his truck was moving at the rate of about two miles an hour, and that he could have stopped it almost instantly, within three or four feet; that, as he was going up the little slope and when within 10 or 15 feet of the track, he looked to the left and saw a street car about a block and a half or two blocks away; that he then looked forward and to the right, and by that time was on the track with the front wheels; that he turned and looked back to the east and saw that the street car was within about 150 or 200 feet from the crossing where his truck was; that for a year the cars had always slowed down some as they came to that crossing, and that he had seen them stop there; that when he first saw this street car it was between Xerxes and York avenues; that the last time he saw it it seemed to him as if it were coming 50, 55 or 60 miles an hour, and that his truck was just going over the track when the street car came in contact with it; that there was no flagman, crossing gate or bell at this crossing; that he heard no gong or bells at all, and that he knew the car was coming after he saw it.

The witness Bove testified that he was riding in the seat with plaintiff

on his truck; that he first saw the car that struck the truck when they were about 120 feet north of the track, and that the car was then near Xerxes avenue.

Defendant's negligence was made a question for the jury by the proofs. Two other questions are presented by the record. Does the testimony show negligence on the part of respondent as a matter of law? Was it error, in the absence of any proof as to the amount of traffic upon the highway, to submit to the jury the question of negligence of appellant in failing to provide a flagman, crossing gates or a bell at this crossing? Respondent was perfectly familiar with the crossing. He had passed over it a great many times and knew of the running of cars thereon. He approached the crossing from the north, and when within about 120 feet of the track his hired man, sitting in the seat by his side, saw the car that struck them coming from the east over a block away. After respondent reached the right of way the car was in plain sight and he saw it. There was gradual ascent of three or four feet from the north for a distance of from 35 to 100 feet. The surface of the highway was soft and heavy. Respondent did not stop his truck when he saw the car, but shifted the gears to low so that the truck was not moving faster than two miles per hour. When the front wheels had passed the first rail of the track the street car struck it, causing the injuries and damage complained of. The street car stopped with its front trucks over the cattle guard and the rear trucks in the highway.

The decisive question as to respondent's right to recover is whether the evidence conclusively establishes contributory negligence on his part. When respondent reached the right of way, according to his own testimony, and while there was ample time for him to stop his truck, he looked and saw the approaching car at his left. He did not attempt to stop, but shifted his gear and slowed down his truck. It was struck while the front wheels were passing over the rails. He must have thought that he could cross the track before the car reached the point. Under such circumstances it must be held that he was negligent as a matter of law. Anderson v. Great Northern Ry. Co. 147 Minn. 118, 179 N. W. 687.

We think it was error to submit to the jury the question whether ap-

pellant was guilty of negligence in failing to provide a flagman, gates or bell at the crossing, under the proofs shown by the record. Zenith avenue is near the western limits of the city. There was no proof as to the amount of travel thereon, nor will the court take judicial notice of the amount of travel from the mere name of the avenue, any more than it could from the name York, the next avenue, which, it appears, was never open to travel.

By his own lack of care plaintiff directly contributed to the happening of the accident complained of, and it must be held that he was guilty of contributory negligence as a matter of law.

The order appealed from is reversed and the case remanded with directions to enter judgment on the merits for the appellant.

DIBELL, J. (dissenting).

I agree that it was error to submit the absence of gates or a flagman at the crossing as a ground of negligence. I do not agree that contributory negligence of the plaintiff is conclusively shown and that there should be judgment notwithstanding the verdict.

HOLT, J. (dissenting).
I concur in Justice Dibell's dissent.